IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

CRIMINAL NO. 3:13CR56-GHD

BRANDON MARTEZ WALKER                                          DEFENDANT

## ORDER

The Defendant in this matter is scheduled to attend a hearing regarding the potential revocation of supervised release via videoconference on October 15, 2021, at 1:30 p.m. [75]. The Defendant has indicated his consent to appearing via videoconference for the purpose of this proceeding [71].

The World Health Organization, along with the Centers for Disease Control and Prevention, has declared a global pandemic related to the spread of the COVID-19 virus, commonly known as the "coronavirus."[1] On March 27, 2020, Congress passed, and the President of the United States signed, the CARES Act in response to the COVID-19 pandemic. On March 29, 2020, the Judicial Conference of the United States found that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the Coronavirus Disease 2019 (COVID–19) materially affect the functioning of the courts of the United States."[2] Additionally, while certain restrictions in Mississippi have now been lifted, COVID-19 remains an active threat in Mississippi.

---

[1] *See Marroquin v. Pfizer, Inc.*, 367 F. Supp. 3d 1152, 1167 n.10 (E.D. Cal. 2019) (taking judicial notice of World Health Organization's List of Essential Medicines); *Webb v. Jessamine Cty. Fiscal Ct.*, 802 F. Supp. 2d 870, 878 n.3 (E.D. Ky. 2011) (taking judicial notice of data collected by World Health Organization).

[2] *See* Director's Memo from James C. Duff to All United States Judges (March 29, 2020).

In the CARES Act, Congress authorized federal courts to utilize video and telephone conferencing in connection with certain criminal proceedings, including revocation hearings, so long as the defendant consents to participate in the proceedings via video teleconference and the Court makes certain findings. Specifically, Congress authorized the use of video teleconferencing for criminal hearings if the Court finds that the proceedings "cannot be conducted in person without seriously jeopardizing public health and safety, and the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice[.]"

On April 2, 2020, the Chief Judge of this District entered a Standing Order (*see* Case No. 3:20-MC-9, Standing Order [3]) specifically finding that most criminal hearings cannot be conducted in person anywhere in the District without seriously jeopardizing public health and safety and authorizing "the use of video conferencing, or telephone conferencing if video conferencing is not reasonably available, for all events listed in Section 15002 of the [CARES Act]," and specifying that Judges in this district may, at their discretion and with the consent of the defendant after consultation with counsel, use video conferencing, or teleconferencing if video conferencing is not reasonably available, to conduct criminal proceedings; that Standing Order has been extended six times, most recently through December 31, 2021.[3]

The Court hereby specifically finds that the subject hearing in this matter cannot be conducted in person without seriously jeopardizing public health and safety. As noted above, the Court has considered the declarations from the World Health Organization, the Centers for Disease Control, and the recommendations from Mississippi Department of Health. Taken as a whole, these actions by various agencies, states, and municipalities illustrate the public health and safety

---

[3] Case No. 3:21-MC-3 [9].

concerns raised by COVID-19. For all of these reasons, the Court finds that the hearing in this matter cannot be conducted in person without seriously jeopardizing the public health and safety, as well as the safety of the Defendant, counsel, and Court personnel.

The CARES Act further directs that, in order for a criminal hearing to be held via videoconference, the Court must find that the hearing cannot be further delayed without serious harm to the interests of justice. Here, given the Defendant's consent to appearing via videoconference and the necessity for the Court to conduct the criminal proceedings that are awaiting adjudication before it, the Court finds that the hearing should be held as soon as practicable. Accordingly, the Court specifically finds that further delaying the Defendant's hearing would pose potential serious harm to the interests of justice.

Considering the Court's above findings, along with the Defendant's consent to proceed with the subject hearing via videoconference, as evidenced by his Consent to Proceed By Videoconference, which he and his counsel signed and docketed into the record [71], the subject hearing regarding sentencing will be held via videoconference on October 15, 2021, at 1:30 P.M.

SO ORDERED, this the 15 day of October, 2021.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE